IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| DUKHAN MUMIN, | |
|---|---|
| Petitioner, | 4:17CV3164 |
| vs. | |
| BRAD HANSEN, | MEMORANDUM AND ORDER |
| Respondent. | |

This closed federal habeas matter under 28 U.S.C. § 2254 is before the court on Petitioner Dukhan Mumin's ("Petitioner" or "Mumin") Request for Relief from Judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure (filing no. 18), Amended Motion for Relief from Judgment (filing no. 22), Supplemental Motion for Relief under Rule 60 (filing no. 23), Request for Preliminary Injunction/Restraining Order (filing no. 19), and Request for Evidentiary Hearing and Appointment of Counsel (filing no. 20). The requests for Rule 60(b) relief will be denied and dismissed for failure to obtain authorization from the Eighth Circuit Court of Appeals to file a second or successive petition under § 2254. The requests for a preliminary injunction, evidentiary hearing, and appointment of counsel also will be denied as moot.

### I. BACKGROUND

On March 30, 2018, the court dismissed Mumin's Petition for Writ of Habeas Corpus (filing no. 1) which challenged the habitual offender enhancement he received as part of his 2013 conviction in Case Number CR11-954 in the District Court of Lancaster County, Nebraska. The court determined that Mumin's petition was a second or successive habeas petition that had not been authorized by the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b). In making this determination, the court noted that Mumin had unsuccessfully challenged his

2013 judgment of conviction in earlier federal habeas corpus litigation in *Mumin v. Frakes*, Case No. 4:16CV3033 (D. Neb.). Additionally, Mumin had filed three other habeas petitions in 4:17CV3169, 4:18CV3015, and 8:18CV102 challenging the same conviction, all of which have been dismissed as second or successive petitions. The Eighth Circuit Court of Appeals denied Mumin's petition for authorization to file a successive habeas application in this case. (Filing No. 16.)

On June 4, 2018, Mumin filed a motion seeking relief from the judgment entered by the Lancaster County District Court in Case Number CR11-954 pursuant to Fed. R. Civ. P. 60(b)(4). (Filing No. 18.) Mumin raises the same arguments raised in his habeas petition. Liberally construed, summarized, and condensed, Mumin asserts that his state conviction is void because the habitual offender enhancement he received pursuant to Neb. Rev. Stat. § 29-2221 violates equal protection, due process, the right to trial by jury, and the ex post facto clause. Mumin bases his constitutional claims on the alleged lack of notice in the Information or the statutory language of Neb. Rev. Stat. § 29-2221 that he would not receive good time under Neb. Rev. Stat. §§ 83-1,107 and 83-1,110 towards his mandatory minimum habitual offender sentence and on the trial court's finding of a fact essential to the punishment sought to be inflicted under Neb. Rev. Stat. § 29-2221. (Filing No. 18 at CM/ECF pp. 3–5.)

Subsequently on July 20, 2018, Mumin filed an Amended Motion for Relief from Judgment (filing no. 22) challenging the jurisdiction of this court to adjudicate his rights under the prior habeas action in this case. Mumin argues that his state court judgment was void ab initio for lack of jurisdiction and, therefore, this court lacked jurisdiction to consider Mumin's habeas action. Mumin later filed a supplement to his Rule 60 Motion alleging that the "[a]ttorneys from the Attorney General's Office, who represented the State of Nebraska against Mumin in the above captioned case, engaged in the intentional fraud of not informing the Court that there was never a valid conviction of Mumin." (Filing No. 23.) Mumin claims no valid judgment of conviction was ever signed by the trial judge and

entered into the record. (*See* Filing No. 20; Filing No. 21.) Mumin asks the court to reopen his habeas case and determine the jurisdictional questions involved.

## II.  DISCUSSION

### A.  Standard for Review of 60(b) Motion in Closed Habeas Proceeding

A prisoner may file a second or successive petition under § 2254 only after obtaining authorization to do so from the appropriate United States Court of Appeals.  28 U.S.C. § 2244(b)(3).  The Eighth Circuit has directed that where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should file the motion and then conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254.  *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).  If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, it should dismiss the motion for failure to obtain authorization from the Court of Appeals or, in its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals. *Boyd*, 304 F.3d at 814.

As the Eighth Circuit has explained,

> A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim.  For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim *on the merits*."  *Gonzalez [v. Crosby]*, 545 U.S. [524,] 530, 532 [(2005)].  "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n. 4, 125 S.Ct. 2641.  When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA [Antiterrorism and Effective Death Penalty Act].

3

No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." *Id.* at 532, 125 S.Ct. 2641. Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at n.4.

*Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (emphasis in original).

**B. Petitioner's Motions**

Upon careful examination, the court concludes that the grounds Mumin raises in his motions for relief from judgment constitute claims because each ground asserts a basis for relief from Mumin's state conviction. *See Gonzalez*, 545 U.S. at 532. As a result, Mumin's motion must be treated as a second or successive petition under § 2254. *See Ward*, 577 F.3d at 933. Mumin is limited to one habeas corpus petition in this court per conviction, unless the Eighth Circuit Court of Appeals grants him permission to file a second or successive habeas corpus petition relating to the same conviction. *See* 28 U.S.C. § 2244(b). Because he did not obtain advance authorization from the Eighth Circuit Court of Appeals to file the instant motion, the court will dismiss Mumin's motion pursuant to 28 U.S.C. § 2244(b).[1]

---

[1] (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

4

In addition, to the extent Mumin's amended motion (filing no. 22) and supplemental motion (filing no. 23) seek relief under Fed. R. Civ. P. 60(b)(4) on the basis that this court lacked jurisdiction and the prior rulings of this court were void because the state court criminal judgment is void, Mumin's motion is frivolous. First, Mumin's claims that no valid judgment of conviction was ever rendered against him and that the Nebraska Attorney General's Office fraudulently concealed this fact from the court lack any basis in fact. This court has access to Mumin's state court records through the Nebraska state courts' computerized record keeping system, and those records establish that the judge found Mumin guilty on May 8, 2013, and a signed order sentencing Mumin to a term of imprisonment was signed by Judge Karen B. Flowers and entered on August 19, 2013. The court takes judicial notice of these records. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). The Register of Actions in the Lancaster County District Court submitted by Mumin as Exhibit A in his Evidence Index is incomplete and clearly omits the entries between April 29, 2013, and September 24, 2013. (*See* Filing No. 21 at CM/ECF pp. 8–9.)

Moreover, "[i]t is well established that a Rule 60(b) motion may not be used to 'relieve a party from operation of a judgment of conviction or sentence in a criminal case.'" *United States v. Shenett*, No. CRIM.A. 05-431 MJD, 2015 WL

---

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

3887184, at *2 (D. Minn. June 24, 2015) (quoting *United States v. Hunt,* No. 4:07–CR–121, 2008 WL 4186258, at *1 (E.D.Mo. Sept. 5, 2008) (holding that a defendant's Rule 60(b)(4) motion to vacate criminal judgment "is frivolous because a prisoner may not attack the legality of his conviction through Rule 60(b)")). Rule 60(b)(4) "is a rule of civil procedure and thus not available to challenge criminal judgments, nor may it be used to challenge state judgments of any sort in federal court." *Sherratt v. Friel*, 275 F. App'x 763, 767 n.1 (10th Cir. 2008).

Mumin's assertion that this court lacked jurisdiction because the state court criminal judgment is void is wholly without merit. I will not allow Mumin to do indirectly what he cannot do directly—that is to use Rule 60(b)(4) to attack a state criminal conviction through the guise of attacking federal jurisdiction of an adverse ruling in an action Mumin brought himself pursuant to 28 U.S.C. § 2254.

### III.  CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The court has applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Petitioner's Request for Relief from Judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure (filing no. 18), Amended Motion for Relief from Judgment (filing no. 22), and Supplemental Motion for Relief under Rule 60 (filing no. 23) are denied.

2.	Petitioner's Request for Preliminary Injunction/Restraining Order ([filing no. 19](filing no. 19)) and Request for Evidentiary Hearing and Appointment of Counsel ([filing no. 20](filing no. 20)) are denied as moot.

3.	The court will not issue a certificate of appealability in this matter.

Dated this 20th day of November, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge
